IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CASE NO. 7:19-CV-231 |
| § | |
| 29.36 ACRES OF LAND, MORE OR LESS, § | |
| SITUATE IN STARR COUNTY, STATE OF § | |
| TEXAS; AND JOHN F.J. GUERRA, § | |
| § | |
| *Defendants.* § | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO GOVERNMENT'S OPPOSED MOTION FOR ORDER OF IMMEDIATE POSSESSION**

Defendant John F.J. Guerra, owner of Defendant 29.36 acres of land, more or less, situate in Starr County, Texas, by his undersigned counsel and pursuant to 40 U.S.C. § 3114(a)(5), hereby files his Response in Opposition to the Government's opposed Motion for Immediate Possession, and state as follows:

### I. INTRODUCTION

This is a condemnation lawsuit in which the United States ("Government") seeks access to Defendant's property along the Rio Grande River in Starr County, Texas for purposes of conducting testing and analysis in aid of building the border wall along the Mexican border.

As part of the process of condemning a wide swath of property along the southern border, the Government has engaged in a pattern of offering all property owners the same *de minimis* amount as just compensation. This amount – the $100 identified in the Government's

Declaration of Taking – is made to each and every property owner, regardless of the size of the taking, the conditions of the property at issue, the intrusiveness of the taking and the length of the taking.  The Government makes the same offer and deposit in every case, and does not vary this amount, regardless of the circumstances of each case.

This approach violates the Declaration of Takings Act, and specifically violates 40 U.S.C. § 3114(a)(5).  The statute requires "a statement of the amount of money **estimated** [by the Government] to be just compensation for the land taken." (emphasis added)  In this case, there is no "estimate" made by the Government of the value of the land being taken.  There is no analysis undertaken.  There is no evidence of consultation with any land man or real estate agent, much less any real property expert witness.  There is no evidence of the special circumstances of the specific parcel at issue being considered.  There is no evidence of any thought at all being given to the estimated value of this specific land being taken.  There is no evidence of thought because there was none.

Rather, the Government submitted the declaration of an employee of the Department of Homeland Security in support of its Motion for Immediate Possession.  This individual likely resides in Washington D.C. and has never even seen the property at issue.  Upon information and belief, the Government then submits the identical declaration in the courts in each and every border wall eminent domain lawsuit, and makes the identical submission and deposit of $100.

This is not an "estimate" and the Government has not complied with the statute.  If the Government is permitted to make the same, *de minimis*, deposit with the courts without any consideration being given to the circumstances of the case or the actual value of the land being condemned, the term "estimated" in the statute becomes meaningless.

Defendant also asks the Court to consider the arbitrary and/or bad faith manner in which the $100 was offered.  Though the Fifth Circuit does not permit this Court to take into account the arbitrary nature of the amount deposited, other federal circuit courts permit the issue to be considered in addressing these issues.  In light of this circuit split, Defendant brings this issue to the Court's attention for potential future proceedings.

For these reasons, Defendant respectfully requests that the Motion be denied.  In the alternative, Defendant requests that a ruling on this Motion be delayed such that the parties may conduct discovery to determine Government's efforts, if any, to comply with the "estimate" requirement of the statue and to supplement this briefing after such discovery is completed.

## II.  ARGUMENT

The Declaration of Takings Act, 40 U.S.C. § 3114, is a mechanism "by which to facilitate the exercise of the sovereign's power of eminent domain and give full practical protection to both Government and owner alike." Bishop v. United States, 288 F.2d 525, 528 (5th Cir. 1961).  The purpose of the statute is two-fold: (a) "to give the Government immediate possession of the property and…relieve on the sum deposited from the date of taking to the date of judgment in the eminent domain proceeding"; and (b) to give the former owner…immediate cash compensation to the extent of the Government's estimate of the value of the property."  Id. at 528 (citing United States v. Miller, 317 U.S. 369, 373 (1943)).  As the Fifth Circuit has stated, the objective of the second purpose "is to give 'the owner the immediate use of cash approximating the value of his land.'" Bishop, 288 F.2d at 528.

The Fifth Circuit has made clear that the requirement to provide a property owner with "immediate use of cash approximating the value of his land" is a vital consideration of the

Declaration of Takings Act, and that the words of the statute must be given their true meanings such that this statutory purpose is met. For example, the Court held in <u>Bishop</u> that the "deposit" requirement is not met when the government provides cash to "some depository" because that deprives the landowner of both the use of the land and the cash compensation. <u>Id</u>. at 528-29 (<u>citing</u> <u>United States v. 15.03 Acres of Land</u>, 253 F.2d 698 (2d Cir. 1858).

In other words, the Declaration of Takings Act must be effectuated to give each of the words of the statute their meaning, especially when those words affect a landowner's right to just compensation. That is the core principal at issue in this lawsuit, a principal that the Government's behavior tramples.

This requirement of just compensation is likewise reflected in the Federal Rules of Civil Procedure, which take this requirement one step further. Rule 71.1, in fact, makes it a "condition" for a taking that the Government make the deposits required by statute:

> (j) Deposit and Its Distribution.
>
>> (1) Deposit. The plaintiff must deposit with the court any money required by law **as a condition** to the exercise of eminent domain and may make a deposit when allowed by statute.

<u>See</u> Fed. R. Civ. P. 71.1 (emphasis added).

**A.    The Government Did Not Provide the Statutory Estimate of Just Compensation for the Land Taken.**

With these principals in mind, the Declaration of Taking Act provides the strict requirements by which the Government must abide in order to effectuate a taking of private land. The statute states:

> (a) Filing and content.--In any proceeding in any court of the United States outside of the District of Columbia brought by and in the name of the United States and under the authority of the Federal Government to acquire land, or an

- 4 -

>easement or right of way in land, for the public use, the petitioner may file, with the petition or at any time before judgment, a declaration of taking signed by the authority empowered by law to acquire the land described in the petition, declaring that the land is taken for the use of the Government. The declaration of taking shall contain or have annexed to it--
>
>>(1) a statement of the authority under which, and the public use for which, the land is taken;
>>
>>(2) a description of the land taken that is sufficient to identify the land;
>>
>>(3) a statement of the estate or interest in the land taken for public use;
>>
>>(4) a plan showing the land taken; and
>>
>>(5) a statement of the amount of money **estimated** by the acquiring authority to be just compensation for the land taken.

See 40 U.S.C. § 3114(a). Absent strict compliance with the statute, the Motion for Immediate Possession must be denied as a "departure from statutory limits." United States v. 1.04 Acres of Land, 538 F. Supp.2d 995, 1001 (S.D. Tex. 2008).

As noted previously, the Government made no "estimate" of the value of the land being taken. The Government did not analyze the value of the land, the value of access to the land, or the diminution in value that imposing an easement over the property would cause. There is no analysis of the effect that a twelve-month easement, assignable to anyone, would have on the marketability of the property. The Government did not consult with any land men, real estate agents, or real estate appraisers concerning the property. The Government did not analyze the before- and after-condition values. The Government certainly did not address, or take into consideration in any manner, the specific issues of this property at all.

To the contrary, the Government submitted the declaration of an employee of the Department of Homeland Security, Col. Loren Flossman, who states that the value of the

easement being condemned is $100. No support is given for this amount, and no analysis is provided. While Col. Flossman is certainly a well-respected and well-educated government administrator who should be commended for his service to his country (Exhibit A, LinkedIn page of Col. Flossman), Col. Flossman does not have the experience or expertise to provide an opinion of the just compensation for the taking of an access easement over property located in Starr Country, Texas. He is not a valuation expert, not a valuation professional and seems to have no experience working in real estate or real estate valuation.

More importantly, as Defendant has investigated and reasonably determined, the Government provides this identical valuation and identical declaration in essentially every border wall right of entry lawsuit. If the easement is over a property of 2 acres, the deposit is $100. If an easement is over a property of 200 acres, the deposit is $100. If an easement is over a property of 2000 acres, the deposit is $100. The deposit is the same whether the land is in Starr County, Hidalgo County or Cameron County. The deposit is the same whether the land is desert, farmland, mineral property, orchard or swamp. The deposit is the same regardless of whether the property is undeveloped or contains structures. Upon information and belief, it is always the same.[1]

The Government's offer at $100 is not an "estimate" as required by the Statute. And that is certainly not an "estimate" required by the Declaration of Taking Act. An estimate requires some thought or consideration being given. None has been given to the property at issue. While the terms "estimated" or "estimate" are not defined in the statute, the dictionary definition of "estimate" includes the requirement that there is some *thoughtful consideration and/or analysis*

---

[1] In fact, as far as Defendant can determine, the Government never varies this deposit.

Case 7:19-cv-00231 Document 22 Filed on 09/13/19 in TXSD Page 7 of 10

*given to an opinion of value*: "Estimate, Appraise, Evaluate, Value, Rate, Assess mean to judge something with respect to its worth or significance. Estimate implies a judgment, considered or casual, that precedes or tales the place of an actual measuring or counting or testing out." See Webster's Collegiate Dictionary 10th 1995 at p. 397.

That consideration, thought and analysis is absent from this case. There simply is no basis for the Government to claim that it made an estimate that is applicable to this case. The Government made no effort to "estimate" the "just compensation for the land taken" in this case. The Government failed to comply with § 3114(a)(5) of the Declaration of Taking Act, and its Motion should be denied.

But if the Court is reluctant to deny the Motion at this time, Defendant requests in the alternative that the Court delay a ruling on this Motion while the parties conduct discovery regarding these issues. Defendant has already issued written discovery to the Government to address this very issue, and request the opportunity to supplement this briefing several months hence when that limited discovery is completed. Defendant's requested discovery is included in the Joint Discovery/Management plan, doc no. 16.

      **B.**      **The Government's Deposit of $100 is Arbitrary and/or in Bad Faith.**

The Government's deposit of $100 for the value of the just compensation for the land being taken is arbitrary and/or in bad faith. Defendant recognizes, and advised the Court at the Initial Pretrial Conference of September 5, 2019, that the Fifth Circuit does not recognize an arbitrary and/or bad faith exception to the "estimate" of just compensation. In re: United States Praying for a Writ of Mandamus, 257 F.2d 844, 848

- 7 -

(5th Cir. 1958). Defendant also recognizes that the Court is bound by this controlling precedent.

Defendant nevertheless asks the Court to recognize a split between Circuit Courts of Appeal concerning this issue, as the Second, Third and Seventh Circuits have recognized that an arbitrary and/or bad faith deposit with the court of purported of just compensation may defeat the Government's attempt to take private land. United States v. 44.00 Acres of Land, 234 F.2d 410 (2d Cir. 1956) (affirming 110 F. Supp. 168. 171 (W.D.N.Y. (holding that the government's arbitrary or bad faith deposit of a nominal sum may invalidate the attempt to take property)); United States v. Certain Space in Rand McNally Building in Chicago, 295 F.2d 391, 384 n.4 (7th Cir. 1961) (recognizing bad faith deposit doctrine, without deciding if doctrine applied in that case); United States v. Certain Parcels of Land in City of Philadelphia, 215 F.2d 140, 148 (3d Cir. 1954) (recognizing bad faith deposit doctrine, but deciding it did not apply to the specific facts of that case). Defendant may, in the future, ask the Fifth Circuit to reconsider its prior rulings.

### III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court either deny or delay ruling on the Government's Motion for Immediate Possession until adequate discovery on the Government's "estimate" takes place.

Respectfully submitted this 13th day of September, 2019.

        Respectfully submitted,

        CONDIT CSAJAGHY LLC

        *s/Stephen E. Csajaghy*
        Stephen E. Csajaghy
        Colorado Bar No. 33298
        695 S. Colorado Boulevard, Suite 270
        Denver, CO  80246
        Tel:   (720) 287-6602
        Fax:   (720) 287-6605
        Email: steve@cclawcolorado.com
        *Attorney-in-Charge for Defendant John F.J. Guerra*

        and

        Joshua F. Bugos
        Colorado Bar No. 38917
        695 S. Colorado Boulevard, Suite 270
        Denver, CO  80246
        Tel:   (720) 287-6606
        Fax:   (720) 287-6605
        Email: josh@cclawcolorado.com
        *Attorney for Defendant John F.J. Guerra*

- 10 -

## CERTIFICATE OF SERVICE

      I hereby certify that on this 13th day of September, 2019, I electronically filed the foregoing **DEFENDANT'S RESPONSE IN OPPOSITION TO GOVERNMENT'S OPPOSED MOTION FOR ORDER OF IMMEDIATE POSSESSION** was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

| | |
|---|---|
| Megan Eyes | N. Joseph Unruh |
| Assistant United States Attorney | Assistant United States Attorney |
| 1701 W. Bus. Hwy. 83, Suite 600 | 1701 W. Bus. Hwy. 83, Suite 600 |
| McAllen, TX 78501 | McAllen, TX 78501 |
| E-mail: Megan.Eyes@usdoj.gov | E-mail: Neil.Unruh@usdoj.gov |
| Attorney in Charge for Plaintiff | Attorney for Plaintiff |

                                            *s/Trish Schart*
                                            Trish Schart