UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:19-CV-00231 |
| | § | |
| 29.36 ACRES OF LAND, MORE OR LESS, *et al*, | § § § | |
| | § | |
| Defendants. | § | |

## ORDER FOR IMMEDIATE POSSESSION

On July 9, 2019, the United States filed a Complaint and Declaration of Taking (Dkt. Nos. 1–2) with this Court in the above-referenced action. On August 23, 2019, the United States filed its Opposed Motion for Order of Immediate Possession (Dkt. No. 14). Defendant John F.J. Guerra filed a response in opposition to this Motion (Dkt. No. 22) on September 13, 2019. The United States seeks the surrender from Defendant of the estate defined as: a temporary, assignable easement beginning on the date this Court grants possession to the Plaintiff and ending 12 months later. Dkt. No. 2, Ex. 1 at Schedule E. The easement being claimed consists of the right of the United States, its agents, contractors and assigns to enter in, on, over and across certain tracts of land described with more certainty in Schedules C and D of the Declaration of Taking (Dkt. No. 2).

The easement being sought gives the United States the right to survey, make borings, and conduct other investigations on the tracts of land described in the aforementioned Schedules for the public purpose of conducting surveys, tests, and other investigatory work needed to plan the proposed construction of roads, fencing, vehicle barriers, security lighting, and related structures designed to help secure the United States/Mexico border within the State of Texas. Dkt. No. 2,

Ex. 1 at Schedule E. As part of the easement, the United States seeks the right to trim and remove any vegetative or structural obstacles on the properties that interfere with the aforementioned purpose and work. *Id.*

The easement claimed reserves to the landowner, their successors and assigns all rights, title and privileges as may be used and enjoyed without interfering with or abridging the rights hereby acquired by the United States, subject to minerals and rights appurtenant and to existing easements for public roads and highways, public utilities, railroads and pipelines. *Id.*

On July 9, 2019, the United States filed a complaint in the above-referenced action for the condemnation (taking) of Defendant's property for temporary easements and declaration of taking of those properties in accordance with 40 U.S.C. § 3114 (Dkt. Nos. 1–2). On August 6, 2019, the United States deposited into the Registry of this Court the sum of $100.00 as the estimated just compensation for the taking of the temporary easement to access Defendant's property (Dkt. No. 7).

The United States asserts these actions have given it title to the temporary easement. Dkt. No. 14. Defendant argues that the Government failed to comply with the Declaration of Taking Act as it did not provide an *estimate* of just compensation, asserting that the Government did not engage in any analysis or consideration prior to arriving at the $100 amount. Dkt. No. 22 at 4–7. In the event the Government's Motion is not denied outright, Defendant requests the Court delay ruling on the Motion and allow discovery on the issue of how the Government arrived at its estimate of just compensation in this case. *Id.* at 7. In the alternative, Defendant argues that the Government's estimate of just compensation was arbitrary and moves for this Court to vacate the declaration of taking and deny the requested easement on that ground. *Id.* at 7–8.

As Defendant concedes, this Court has no authority to vacate the declaration of taking

based on any allegations of the Government's bad faith or the arbitrary nature of the estimated just compensation.[1] Dkt. No. 22 at 7–8; *see In re U. S.*, 257 F.2d 844, 847–48 (5th Cir. 1958) (stating that the court had no power to affect or limit the title which passed immediately to the Government upon its filing of the declaration of taking and deposit of money with the court registry).

Accordingly, the Court similarly has no authority to look behind the Government's representation of its estimate of just compensation. The plain language of the statute delegates the role of estimation to the Government. 40 U.S.C. § 3114(a)(5) (requiring "a statement of the amount of money estimated *by the acquiring authority* to be just compensation for the land taken") (emphasis added); *In re U.S.*, 257 F.2d at 858 ("Congress plainly gave the acquiring authority, not the courts, the function of estimating just compensation . . . .").

Further, Defendant does not offer, and the Court does not find, any distinction between estimates of just compensation that are arbitrary or made in bad faith and those Defendant alleges are not estimates at all due to the lack of "some thoughtful consideration and/or analysis given to an opinion of value." Dkt. No. 22 at 6–7 (emphasis omitted). Therefore, as the Court cannot invalidate the Government's estimate of just compensation based on bad faith or arbitrariness, the Court also cannot invalidate the declaration of taking based on Defendant's allegations of a complete absence of thoughtful consideration by the Government nor permit discovery on the issue at this time. *See In re U. S.*, 257 F.2d at 848.

The Court finds the Government complied with the Declaration of Taking Act, 40 U.S.C.

---

[1] Defendant correctly notes that there is some disagreement among the courts of appeals regarding whether and when, if at all, courts may set aside declarations of taking. *Compare United States v. Certain Parcels of Land in City of Philadelphia*, 215 F.2d 140, 148 (3d Cir. 1954) (declining to review the Government's calculation of just compensation and to set aside the declaration of taking in the absence of any allegations of the Government's bad faith), *with In re U.S.*, 257 F.2d 844, 847–48 (5th Cir. 1958) (noting courts do not have authority to review the Government's calculation of just compensation nor to vacate a declaration of taking based on the Government's bad faith).

§ 3114. Therefore, this Court **ORDERS** that all defendants to the above-referenced action and all persons who own or claim ownership, possession and/or control of the property described in the aforementioned Schedules must allow the United States access to the property subject to the following terms:

The United States is hereby granted the right to survey, make borings, and conduct other related investigations on the tract of land described in the aforementioned Schedules for the public purpose of conducting surveys, tests, and other investigatory work needed to plan the proposed construction of roads, fencing, vehicle barriers, security lighting, and related structures designed to help secure the United States/Mexico border within the State of Texas. Additionally, the United States is granted the right to trim or remove any vegetative or structural obstacles on the property that interfere with the aforementioned purpose and work. The easement acquired by the United States will begin immediately and will end twelve (12) months from the date this Order is entered. To the extent possible, the United States shall use contractors that have appropriate liability insurance.

The Government at the September 5, 2019 Initial Pretrial and Scheduling Conference represented that it would not use the easement for any destructive testing but rather sought the easement for survey related work only. The Court thus limits the above-granted easement to an easement for survey related work only in accordance with the terms set forth in the preceding paragraph. The Court reserves Defendant's right to litigate any questions concerning just compensation for damages, if any, incurred by Defendant at a later date if and when raised by Defendant.

It is further **ORDERED** that a copy of this order shall be served by the United States upon all owners, all parties claiming ownership, and all persons in possession or control of the

properties to the extent these are known.

    SO ORDERED this 17th day of September, 2019, at McAllen, Texas.

                                                             _____
                                                             Randy Crane
                                                             United States District Judge